IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Green, ) | C/A No. 0:16-846-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| David Dunlap, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Petitioner Gregory Green, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Green was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 11.) Green filed a response in opposition to the respondent's motion. (ECF No. 14.) Thereafter, the respondent filed a reply. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Green's petition should be dismissed without prejudice for failure to exhaust his state remedies.

## BACKGROUND

  Green was indicted in November 2013 in Horry County for trafficking in heroin, second offense (2013-GS-26-4803). (ECF No. 9-1 at 3-4.) Green was represented by Stuart Mark Axelrod, Esquire, and on May 29, 2014, Green pled guilty to trafficking in heroin, first offense. The circuit court sentenced Green to imprisonment for ten years and a $50,000 fine. (ECF No. 9-2 at 18.)

Green did not file a direct appeal.

Green filed a *pro se* application for post-conviction relief ("PCR") on November 17, 2014, in which he raised the following claims:

> [1] Trafficking, first offense, is not a lesser included offense of trafficking, second offense
> [Supporting Facts:] S.C Code Ann. 44-53-370(e)(3)(a)1 is not a lesser included of 44-53-390(e)(3)(a)2
>
> [2] Violation of Notice requirement guaranteed by U.S & S.C Const. & Statues
> [Supporting Facts:] There is no indictment alleging a violation of S.C Code Ann. 44-53-370(e)(3)(a)1
>
> [3] Breach of the Plea Agreement
> [Supporting Facts:] The offense in which Applicant pleaded guilty is not a lesser included offense.

(Green v. State of South Carolina, 2014-CP-26-7332; ECF No. 9-4 at 2-3) (errors in original). The State filed a return. (ECF No. 9-5.) On February 11, 2016, the PCR court held an evidentiary hearing at which Green appeared and testified and was represented by James Falk, Esquire. (ECF No. 13-1.) At the conclusion of the hearing, the PCR court indicated that it was denying Green's application and asked the State to prepare an order. (ECF No. 13-1 at 28-29.) The PCR court first issued a Form 4 Order denying the PCR application on February 11, 2016. (ECF No. 9-7.) Thereafter, in an order dated March 7, 2016, and filed March 11, 2016, the PCR court set forth its findings of facts and conclusions of law. (ECF No. 9-8.)

PCR counsel filed a notice of appeal on March 25, 2016.[1] (ECF No. 9-12.) The South Carolina Commission on Indigent Defense ordered the PCR transcript on April 7, 2016. (ECF No. 9-6.) Green's PCR appeal is currently pending.

---

[1] PCR counsel had previously attempted to file an notice of appeal to the PCR court's Form 4 Order, but the appeal was dismissed because the order did not comply with South Carolina law. (ECF Nos. 9-9, 9-10, & 9-11.)



## FEDERAL HABEAS ISSUES

Green's federal Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

> **Ground One:** Under the elements test enunciated by the U.S Supreme Court, S.C Code Ann. 44-53-370(e)(3)(a)1, is not a lesser included offense of Code 44-53-370(e)(3)(a)2.
> **Supporting Facts:** Petitioner was indicted by the Horry County grand jury on the charge of trafficking in Heroin, second offense, Pursuant to S.C Code Ann. 44-53-370(e)(3)(a)2. (2013-GS-26-4803). The State recommended a Plea to a lesser included offense of the offense charged in the indictment-trafficking, first offense, Pursuant to code 44-53-370(e)(3)(a)1. On May 29, 2014, five minutes before being sentenced, Petitioner signed the sentence sheet indicating a Plea to a lesser included offense with a sentencing range between 9 to 12 years. As a result, Petitioner was sentenced to 10 years imprisonment.
>
> **Ground Two:** Petitioner was deprived of sufficient notice of the charge in which he pled guilty in violation of the Due Process Clause of the 14th Amendment to the U.S Const.
> **Supporting Facts:** Petitioner was indicted by the Horry County grand jury for the offense of trafficking in Heroin, Pursuant to Code 44-53-370(e)(3)(a)2. At the sentencing Proceeding held on May 29, 2014, the Prosecutor, Judge and Petitioner's Attorney, agreed to the amendment to the indictment. Petitioner did not waive Presentment, nor was the offense included within the indictment. The mistatement of applicable to the indicted offense, charged a distinct, unindicted offense. As a result, Petitioner was deprived of sufficient Notice of the charge in violation of the Due Process Clause of the 14th Amend
>
> **Ground Three:** Petitioner contends the State breached the Plea agreement which violated the Due Process Clause of the 14th Amendment to the United States Constitution.
> **Supporting Facts:** Petitioner was indicted for trafficking in heroin, second offense, Pursuant to S.C Code 44-53-370(e)(3)(a)2. The State offered a Plea agreement in which the State would (1) drop a pending charge; (2) allow Petitioner to Plea to a lesser included offense of the offense charged in his indictment and (3) with a sentence range between 9 to 12 years. Based on this offer and Petitioner's failure to negotiate a better deal, Petitioner decided to accept the Plea agreement. On May 29, 2014 Petitioner signed the sentence sheet and was sentenced to 10 years.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

PJG

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**C.      Failure to Exhaust State Court Remedies**

The respondent notes in the return that Green has not yet exhausted his state court remedies and admits that Green's petition may be dismissed without prejudice as a result of those ongoing state proceedings. The record reflects that Green's PCR appeal is currently pending in the South Carolina Supreme Court. Though Green does not dispute that his PCR appeal is pending, he argues that he has technically exhausted his claims based on his interpretation of O'Sullivan v. Boerckel, 526 U.S. 838 (1999), and State v. McKennedy, 559 S.E.2d 850 (S.C. 2002).

It is clear that Green has yet to exhaust his state court remedies. If this court were to proceed with review of Green's Petition as it stands presently, Green would potentially be precluded from seeking subsequent federal review of the collateral issues pending before the state appellate court. Burton v. Steward, 549 U.S. 147 (2007). By contrast, if the instant Petition is dismissed without prejudice, it would not result in time-barring Green from returning to federal court after exhausting his previously unexhausted claims in state court. Based on the record currently before the court, it appears he would have ample time remaining on his federal habeas statute of limitations from the conclusion of the pending PCR action to file a new federal habeas petition, assuming Green acts diligently. Therefore, there is no indication that dismissal of this Petition would unreasonably impair Green's right to obtain federal relief. Cf. Rhines v. Weber, 544 U.S. 269, 278 (2005) (addressing the appropriateness of staying a mixed petition and observing that if a stay is denied, the petition should not be dismissed when dismissal "would unreasonably impair the petitioner's right to obtain

federal relief"). The court finds it appropriate to dismiss Green's Petition without prejudice for failure to exhaust his state court remedies.[2]

Green urges this court to consider his claims "technically exhausted" despite the fact that his PCR appeal is currently pending in the South Carolina Supreme Court. However, Green's argument relies on a misinterpretation of the relevant case law. The United States Supreme Court explained in O'Sullivan that the exhaustion requirements set forth in 28 U.S.C. § 2254(c) "requir[e] state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State . . . ." 526 U.S. at 847. In McKennedy, the South Carolina Supreme Court explained how O'Sullivan affects South Carolina prisoners petitioning for federal habeas corpus:

> The majority opinion in O'Sullivan made clear that they did not intend to require exhaustion of any State remedy when the State has declared that remedy unavailable. [526 U.S. at 850.] We believe our 1990 order amounts to such a declaration, and, therefore, that O'Sullivan does not prevent a prisoner from filing for federal habeas corpus relief immediately after an adverse decision from this state's Court of Appeals, without first seeking discretionary review by this Court.

559 S.E.2d 850, 853. The 1990 order referenced by the South Carolina Supreme Court is In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (1990), which states,

> [I]n all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

---

[2] As Green has yet to exhaust his state court remedies, the court does not recommend dismissal of the Petition with prejudice, as urged by the respondent, based on the substance of the claims comprising the present Petition. The respondent may raise those defenses in a subsequent case, if necessary.



In arguing that a PCR appeal is an exception to the exhaustion requirement, Green cites a portion of McKennedy where the South Carolina Supreme Court "reiterate[s] the substance of the 1990 order, In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, and hold[s] it effectively places discretionary review by this Court outside of South Carolina's 'ordinary appellate procedure' pursuant to O'Sullivan." 559 S.E.2d at 854 (citing O'Sullivan, 526 U.S. at 847). However, Green's argument fails to recognize that In re Exhaustion still requires at least one state appellate court to review a case in order for it to be properly exhausted for purposes of federal habeas corpus. Cf. Junious v. McCall, No. 9:13-cv-1948-RMG, 2013 WL 5725993, at *4 (D.S.C. Oct. 21, 2013) (explaining that "[r]eview of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari" and further that "[s]uch review must be sought and completed by a state prisoner or else federal collateral review of the grounds raised in the PCR application will be barred by a procedural default"). Green's contention that no appellate review is necessary to be fully exhausted misconstrues the case law. As such, the court rejects Green's argument that his claims are properly exhausted at this time.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 10) and that Green's Petition for Writ of Habeas Corpus be dismissed without prejudice.

August 25, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).