UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gregory Green, | ) | Civil Action No.: 0:16-cv-00846-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Dunlap, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Gregory Green, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No.[1] 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[2] *See* R & R, ECF No. 21. The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 petition without prejudice for failure to exhaust his state remedies. R & R at 1, 8. Petitioner has filed objections to the R & R. *See* ECF Nos. 23 & 24.

**Standard of Review**[3]

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1]  "ECF No." stands for "electronic court filing number."

[2]  This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[3]  The Magistrate Judge's R & R sets forth the correct legal standards for summary judgment and review of pro se filings. *See* R & R at 4-9.

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Procedural History**[4]

The State of South Carolina indicted Petitioner for trafficking in heroin, second offense, in November 2013. *See* ECF No. 9-1. Petitioner pled guilty to trafficking in heroin, first offense, in May 2014, and did not file a direct appeal. *See* ECF No. 9-2. Petitioner filed a state application for post-conviction relief (PCR) in November 2014, and the state PCR court held an evidentiary hearing in February 2016. *See* ECF Nos. 9-4 & 13-1. The PCR court denied the application by issuing a Form 4 order[5] on February 11, 2016, and a formal order on March 11, 2016. *See* ECF Nos. 9-7 & 9-8.

---

[4]     The R & R thoroughly summarizes the background of this case, with applicable dates and citations to the record. *See* R & R at 1-3.

[5]     A Form 4 order is a summary order that South Carolina circuit courts use to enter judgment in a civil case. The circuit court may specify that a more formal order will be filed. *See generally Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 604-05, 567 S.E.2d 514, 518 (Ct. App. 2002) (discussing Form 4 orders).

As explained in more detail below, PCR counsel appealed the Form 4 order, but this appeal was dismissed without prejudice. *See* ECF Nos. 9-9 & 9-10.

Petitioner's PCR counsel filed a notice of appeal from the formal order on March 25, 2016. *See* ECF No. 9-12. Petitioner's PCR appeal is currently pending in the South Carolina Supreme Court.[6] *See* ECF No. 9-12.

On March 14, 2016,[7] Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered the petition by filing a return and a motion for summary judgment. *See* ECF Nos. 9 & 10. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition without prejudice for failure to exhaust his state remedies. R & R at 1, 8. Petitioner filed timely objections[8] to the R & R, and Respondent filed a timely reply to Petitioner's objections.[9] *See* ECF Nos. 23, 24, & 25.

## Discussion

The Magistrate Judge recommends dismissing Petitioner's § 2254 federal habeas petition without prejudice because he has failed to exhaust his state remedies. R & R at 1, 8. The Magistrate Judge's R & R sets forth the correct law pertaining to the exhaustion requirements of 28 U.S.C. § 2254, and the Court adopts and incorporates that law by reference without repeating it here. *See* R & R at 5-8.

---

[6]   *See Green v. State*, No. 2016-000658 (S.C. Sup. Ct. docketed Mar. 25, 2016), *docket available at* http://ctrack.sccourts.org/public/caseView.do?csIID=61794 (last visited January 24, 2017). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[7]   Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[8]   Petitioner filed supplemental objections within the time for filing objections. ECF No. 24.

[9]   Petitioner has also filed a copy of a petition for a writ of mandamus that he filed in the United States Court of Appeals for the Fourth Circuit on November 18, 2016. *See* ECF No. 37. *See also In re Green*, No. 16-2302 (4th Cir. docketed Nov. 9, 2016).

3

Petitioner's objections center on an order that the South Carolina Supreme Court issued on March 10, 2016. *See* Pet.'s Objs. [ECF No. 23]; Pet.'s Supp. Objs. [ECF No. 24]. As the Magistrate Judge explains in the R & R, Petitioner's PCR counsel originally filed a notice of appeal from the Form 4 order that the PCR court issued on February 11, 2016. On March 10, 2016, the South Carolina Supreme Court issued an order dismissing the appeal without prejudice, vacating the Form 4 order because it did not comply with South Carolina law (specifically S.C. Code Ann. § 17-27-80, which requires the PCR court to make specific findings of fact and conclusions of law), and remanding the matter to the circuit court with instructions to enter a written order complying with § 17-27-80 (hereinafter, "the March 10, 2016 order"). Respondent filed a copy of the March 10, 2016 order as an attachment to its return to Petitioner's § 2254 petition. *See* ECF No. 9-10. Petitioner has attached a copy of the March 10, 2016 order to his objections. *See* ECF No. 23-1.

Petitioner first asserts the R & R is "completely devoid of any reference to the S.C. Supreme Court Order dated March 10, 2016." Pet.'s Objs. at 2. This assertion is incorrect. The Magistrate Judge refers to the March 10, 2016 order in a footnote on page two of the R & R. *See* R & R at 2 n.1 (citing ECF No. 9-10).[10]

Next, Petitioner challenges the Magistrate Judge's substantive finding that he has not exhausted his state PCR remedies. Pet.'s Objs. at 3-4. He argues the March 10, 2016 order constitutes "'one complete round of the State's established judicial post-conviction appellate review process'" pursuant to the United States Supreme Court's decision in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Pet.'s Objs. at 3 (quoting *O'Sullivan*, 526 U.S. at 845). He contends that by issuing the March 10, 2016 order,

---

[10]     It is possible that Petitioner does not understand "ECF No. 9-10" (the electronic court filing number) refers to the March 10, 2016 order.

4

the South Carolina Supreme Court "could not have decided to vacate the [Form 4] PCR order without implicitly ruling on the merits of the claim." *Id.* at 4. In short, Petitioner argues the March 10, 2016 order "was a ruling on the merits," *see* Pet.'s Supp. Objs. at 2, and he "asserts that he has exhausted his state court remedies by presenting his federal claims to the state's highest court pursuant to *O'Sullivan*." *Id.*

The Magistrate Judge determined Petitioner misinterpreted *O'Sullivan*, *see* R & R at 7, and the Court agrees. A plain reading of *O'Sullivan* and related cases addressing the exhaustion doctrine indicates a state prisoner seeking relief under 28 U.S.C. § 2254 "must exhaust his remedies in state court" and must "give the state courts a ***full and fair*** opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan*, 526 U.S. at 842, 845 (emphasis added); *see Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."); *Hedrick v. True*, 443 F.3d 342, 369 (4th Cir. 2006) ("The doctrine of exhaustion is designed to give state courts a 'full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" (quoting *O'Sullivan*, 526 U.S. at 845)).

In Petitioner's case, the South Carolina Supreme Court has not had a full and fair opportunity to adjudicate the merits of the federal constitutional claims that Petitioner presents in his § 2254 petition. Although the South Carolina Supreme Court summarily dismissed Petitioner's first PCR appeal (the appeal of the statutorily noncompliant Form 4 order), it did *not* rule on the merits of any of

Petitioner's PCR claims and simply dismissed the appeal *without prejudice*.[11] Petitioner's PCR counsel subsequently filed an appeal of the PCR court's formal order (the one issued on March 11, 2016, containing findings of fact and conclusions of law) on March 25, 2016, and this is the appeal currently pending in the South Carolina Supreme Court.[12] The Court agrees with the Magistrate Judge that Petitioner has not exhausted his state remedies because his state PCR appeal is pending in the state supreme court, and therefore habeas review under § 2254 is improper at this time. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Finally, Petitioner makes an objection relating to the formal order that the PCR court issued on March 11, 2016.[13] Pet.'s Supp. Objs. at 1-2. He claims this order "does not comply with South Carolina law pursuant to S.C. Code Ann. [§] 17-27-80"[14] because it "fails to refute any assignments of error raised in Petitioner's PCR application" (and in effect does not comply with the South Carolina

---

[11] The fact that the South Carolina Supreme Court did not rule on the merits of any PCR claims is illustrated by the content of the Form 4 order, which contains no information about Petitioner's PCR claims and simply states, "PCR Hearing-DENIED." *See* ECF No. 9-7 at 1. Significantly, the South Carolina Supreme Court issued a subsequent order on October 21, 2016, stating "[P]etitioner's belief that this Court's order of March 10, 2016, has had the effect of finally resolving this post-conviction relief case in his favor . . . ***is simply incorrect***." *See Green v. State*, No. 2016-000658 (S.C. Sup. Ct.) (order filed October 21, 2016, denying Petitioner's pro se motion to relieve appellate PCR counsel), *docket available at* http://ctrack.sccourts.org/public/caseView.do?csIID=61794 (last visited January 24, 2017).

[12] The appeal is in the briefing stage: Petitioner's appellate PCR counsel has filed a petition for a writ of certiorari, and the State's return to the petition is due by February 8, 2017. *See Green v. State*, No. 2016-000658 (S.C. Sup. Ct. docketed Mar. 25, 2016), *docket available at* http://ctrack.sccourts.org/public/caseView.do?csIID=61794 (last visited January 24, 2017).

[13] Respondent filed a copy of the March 11, 2016 order as an attachment to its return to Petitioner's § 2254 petition, *see* ECF No. 9-8, and Petitioner has attached a copy of the March 11, 2016 order to his objections. *See* ECF No. 24-1 at 3-10.

[14] Section 17-27-80 provides in relevant part: "The [PCR] application shall be heard in, and before any judge of, a court of competent jurisdiction in the county in which the conviction took place. . . . ***The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented***." S.C. Code Ann. § 17-27-80.

6

Supreme Court's March 10, 2016 order requiring as much). *Id.* Whether the PCR court's March 11, 2016 order complies with S.C. Code Ann. § 17-27-80 is a matter of state law and is not appropriate for federal habeas review. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*" (emphasis added)); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976) ("Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief[.]").

In summary, the Court overrules all of Petitioner's objections and accepts the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition without prejudice.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record including the petition, the motion for summary judgment, the return and attached exhibits, the R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 21] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 10] and **DISMISSES** Petitioner's § 2254 *without prejudice* for failure to exhaust his state remedies. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                                          s/ R. Bryan Harwell
January 30, 2017                                                                   R. Bryan Harwell
                                                                                   United States District Judge